FILED
2013 Aug-26  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH RAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:10-cv-01926-RBP-TMP |
| | ) | |
| WARDEN DAVID WISE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report on July 16, 2013, recommending that the defendants' motion for summary judgment be granted and this action dismissed with prejudice.  The plaintiff filed objections to the report and recommendation on July 30, 2013. (Doc. #54).

In his objections, the plaintiff continues to complain that the defendants failed to follow "their own mandatory regulations" when they removed him from the protective custody unit, and in doing so violated his procedural due process rights.  However, the magistrate judge correctly noted that language in a state statute or regulation will not alone create a liberty interest entitling prisoners to due process protection, but the determination hinges upon whether or not a prisoner's placement in segregation results in a dramatic departure from the basic conditions of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995). In this instance, the magistrate judge correctly concluded that the plaintiff's placement in

segregation is not an atypical or significant hardship, and therefore he was not entitled to procedural due process protection before being transferred to that unit.  In any event, the particular regulations and operating procedures at issue here are couched in discretionary terms, which vitiates any argument that a liberty interest is created on the basis of the language therein. *Hartley v. Warden of Florida State Prison*, 352 Fed.Appx. 368, 369 (11th Cir. 2009).

The plaintiff also disputes the magistrate judge's finding that his remaining in segregation is voluntary because he has refused to go to general population, even to an enemy free facility.  Although the plaintiff acknowledges his refusal to go to general population, he contends that "unknown enemies" exist even at so-called "enemy free" facilities.  However, on this point the plaintiff fails to provide specific factual support, and his contention is asserted in a vague and conclusory fashion.  It seems clear that the plaintiff may not base a § 1983 claim upon the ambiguous allegation that unidentified enemies *might* exist at another institution to which he could be transferred. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir.1984).  Otherwise, nearly every inmate within the Alabama penal system would be entitled to placement in protective custody.

With regard to the equal protection claim, the plaintiff responds to the magistrate judge's findings  by asserting facts which he contends show he was similarly situated to the persons who were allowed to transfer to the protective custody unit at the Limestone Correctional Facility.  However, he fails to present facts which plausibly show that his treatment was the result of purposeful or intentional discrimination. *Muhammad v. Sapp*, 388

Fed.Appx. 892, 899 (11th Cir. 2010) ("the equal protection clause prohibits only intentional discrimination"); *quoting Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n. 6 (11th Cir. 2008).  Absent such a showing, the plaintiff cannot assert a valid equal protection claim.

Finally, the plaintiff contends he has adequately stated an Eighth Amendment claim based upon psychological injury resulting from his placement in segregation.  However, the magistrate correctly concluded that the plaintiff's allegations not only fail to show a deprivation of the minimal civilized measure of life's necessities, but, because of the plaintiff's failure to show prior physical injury, any monetary claims based upon psychological injury are barred by 42 U.S.C. § 1997e(e).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED.  The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Therefore, the defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered.

DONE this the 26th  day of August, 2013.


_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE